[Cite as *State v. Finley*, 2026-Ohio-287.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30505 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 01817 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| JAMAIN FINLEY | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 30, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
ANDREW T. FRENCH, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-appellant Jamain Finley appeals from his conviction in the Common Pleas Court of Montgomery County following his no-contest plea to one count of having weapons while under disability. For the following reasons, we affirm the judgment of the trial court.

## I.     Course of Proceedings

{¶ 2} On July 18, 2024, a Montgomery County grand jury indicted Finley on one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2); one count of carrying concealed weapons, a fourth-degree felony in violation of R.C. 2923.12(A)(2); and one count of improper handling of a firearm in a motor vehicle, a fourth-degree felony in violation of R.C. 2923.16(B). The having weapons while under disability charge was based on Finley's previous adjudication as a delinquent child for burglary, an offense which would have been a felony offense of violence if committed by an adult. Finley pleaded not guilty to the charges in the indictment.

{¶ 3} Finley filed a motion to dismiss the indictment because he believed the criminal charges violated his constitutional rights under the Second Amendment to the United States Constitution. According to Finley, "the permanent denial of Second Amendment rights on the basis of a juvenile delinquency adjudication is not supported by historical tradition restricting the rights of felons." Finley further argued that "[i]n the case of persons such as the Defendant, the statutes criminalizing possession of a firearm or carrying of a firearm on

the basis of a juvenile adjudication result in a permanent denial of his or her fundamental rights without the due process afforded to an adult criminal conviction." The trial court overruled Finley's motion to dismiss.

{¶ 4} Finley filed a motion for reconsideration of his motion to dismiss based on *State v. Thacker*, 2024-Ohio-5835 (1st Dist.). He contended that the trial court should follow the First District's conclusion that R.C. 2923.13(A)(3) is unconstitutional. The State opposed the motion for reconsideration, arguing that *Thacker* was distinguishable because Finley was adjudicated delinquent as a minor for violent conduct while the defendant in *Thacker* was adjudicated delinquent as a minor for nonviolent conduct. The trial court overruled Finley's motion for reconsideration.

{¶ 5} The parties subsequently entered into a plea agreement. Finley agreed to plead no contest to one count of having weapons while under disability and to forfeit his handgun. In exchange, the State agreed to recommend the imposition of community control sanctions and the dismissal of the remaining counts in the indictment. The trial court accepted the no-contest plea, found Finley guilty of one count of having weapons while under disability, and dismissed the remaining counts of the indictment. The court sentenced Finley to one year of community control sanctions and ordered the forfeiture of his handgun. Finley filed a timely notice of appeal.

II.     **Assignment of Error**

{¶ 6} Finley's assignment of error states:

THE TRIAL COURT ERRED WHEN IT OVERRULED FINLEY'S MOTION TO DISMISS.

{¶ 7} Finley was convicted of a violation of R.C. 2923.13(A)(2), which provides, in pertinent part: "(A) Unless relieved from disability under operation of law or legal process,

3

no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: . . . (2) The person . . . has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." In his motion to dismiss the indictment, Finley raised only constitutional arguments. On appeal, Finley concedes that the relevant statutes and Ohio case law support the trial court's decision to deny his motion to dismiss. But Finley argues that applying the relevant statutes and case law to him is "simply unfair." Appellant's Brief, p. 3. According to Finley, "[t]he record clearly shows, and the trial court acknowledged, that he has rehabilitated himself since the adjudication. In fact, the trial court noted that he has had no criminal offenses since 2016 and had positive 'extenuating circumstances that are not present in most of these kinds of cases.'" *Id.*, quoting Tr. 14.

{¶ 8} Finley did not raise this fairness argument in his motion to dismiss the indictment. Because Finley did not make this argument before the trial court, he has forfeited it. *In re T.D.S.*, 2024-Ohio-595, ¶ 32. Further, Finley does not assert on appeal the constitutional arguments that he raised in his motion to dismiss. Therefore, we will not consider the constitutional arguments. The assignment of error is overruled.

### III.    Conclusion

{¶ 9} Having overruled the assignment of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.

4